***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, reverses the Opinion and Award of the Deputy Commissioner, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-trial Agreement and at the hearing as:
 STIPULATIONS *Page 2 
1. The parties are subject to the North Carolina Workers' Compensation Act, and the North Carolina Industrial Commission has jurisdiction over the parties.
2. An employment relationship existed between the parties at all times relevant to these proceedings.
3. Westport Insurance Corp (hereinafter referred to as "Defendant-Carrier") provided workers' compensation insurance coverage to Anson Mechanical Piping (hereinafter referred to as "Defendant-Employer") at all times relevant to these proceedings.
4. Plaintiff's average weekly wage was $742.67, yielding a compensation rate of $495.14.
5. Plaintiff sustained a compensable injury by accident arising out of and in the course and in the scope of his employment with Defendant-Employer on February 17, 2005.
6. Defendant-Employer employed Plaintiff from March 30, 2004 until Defendant-Employer terminated him because it could not accommodate his restrictions from his February 17, 2005 work injury.
7. Plaintiff received temporary total disability compensation from on or about February 18, 2005 through on or about March 17, 2006.
8. Plaintiff began working with another employer on or about March 20, 2006, at equal or greater wages.
9. The parties stipulated to the following documents being admitted into evidence as stipulated exhibits:
 a. Stipulated Exhibit one (1) — Pre-trial Agreement;
 b. Stipulated Exhibit two (2) — Plaintiff's medical records; *Page 3 
 c. Stipulated Exhibit three (3) — North Carolina Industrial Commission forms and filings;
 d. Stipulated Exhibit four (4) — Discovery responses of Plaintiff;
 e. Stipulated Exhibit five (5) — Discovery responses of Anson Mechanical Piping and Westport Insurance Corp (hereinafter referred to as "Defendants").
 f. Stipulated Exhibit six (6) — Plaintiff's job search log.
 *********** ISSUE
The issue for determination is whether Plaintiff is entitled to payment of attorney's fees under N.C. Gen. Stat. § 97-88.1?
 ***********
Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment with Defendant-Employer on February 17, 2005 when a gas tank fell and hit him on the right hip and lower back while he was sweeping.
2. Plaintiff first sought medical treatment at Union Regional Medical Center on February 21, 2005, where he received a diagnosis of acute lumbar strain. Plaintiff then presented to his family physician, Dr. Ronnie Brian Outen. Plaintiff ultimately came under the care of Dr. John Arthur Welshofer on April 26, 2005. *Page 4 
3. After seeing Plaintiff several times, Dr. Welshofer diagnosed Plaintiff on August 25, 2005 with status post pars fracture, spondylolysis at the L4-L5 level of the spine, and disc protrusion with discogenic back pain. Additionally, Dr. Welshofer ordered Plaintiff to undergo a functional capacity evaluation (FCE).
4. On October 27, 2005, Dr. Welshofer again saw Plaintiff, and reviewed the results of the FCE, which placed Plaintiff in a medium-duty work category. Dr. Welshofer noted that Plaintiff still had a fair amount of lower back pain, that he had a known nonsurgical disc lesion in the lumbar spine region relating to his February 17, 2005 work injury, and that he had spondylosis at the L4-L5 level of the spine and status post pars fracture. Dr. Welshofer was of the opinion that the disc lesion was non-surgical at that time. Dr. Welshofer testified that a person such as Plaintiff who has disc protrusion on top of a pars defect has a risk of worsening over time due to instability in the affected area. Finally, Dr. Welshofer assigned Plaintiff a five (5) percent permanent partial disability rating to his back and provided him with the following permanent work restrictions: "no lift, push, pull or carry greater than 40 pounds, occasional bending, position changes as necessary."
5. Plaintiff returned to work for another employer on or about March 20, 2006 at equal or greater wages. On November 2, 2006, Defendants filed a Form 33, seeking a determination as to whether Plaintiff was at maximum medical improvement and whether Plaintiff made an election of benefits.
6. Approximately two (2) months after Defendants filed the Form 33, Plaintiff requested that he be allowed to return to Dr. Welshofer due to increased symptoms of lower back and right hip pain. On January 22, 2007, Dr. Welshofer evaluated Plaintiff, and instructed him to undergo "light duty for a few weeks, if not better he will call us and a new MRI of L5 spine *Page 5 
would be needed." Dr. Welshofer stated in his medical record from this visit that he did not "see a change in condition." In Dr. Welshofer's testimony, he stated that this was the first time that Plaintiff's pain "started to creep outside the back level."
7. On June 4, 2007, Plaintiff returned to Dr. Welshofer with worsening symptoms of lower back pain, with involvement of the right leg, including occasional shooting pain down the leg over the past few months. At that time, Dr. Welshofer had the results of Plaintiff's newest MRI, and diagnosed sciatica and disc/lumbar involvement, with acquired spondylolisthesis. Dr. Welshofer noted that Plaintiff was "pretty miserable," and might benefit from a fusion surgery at the L4-L5 level of the spine, and so he recommended that Plaintiff undergo a computed tomography (CT) myelogram and neurosurgical consultation. Dr. Welshofer noted that Plaintiff was going to think about the CT myelogram and neurosurgical consultation, and that he would talk to his attorney and call to let Dr. Welshofer know how he wished to proceed. On June 7, 2007, Dr. Welshofer put Plaintiff on light-duty work restrictions and changed his medications, due to his increased complaints of pain.
8. On August 8, 2007, Dr. Welshofer completed a "Workers' Compensation Medical Status Questionnaire" once again indicating that Plaintiff was at maximum medical improvement with a five (5) percent permanent partial disability rating to his back and that Plaintiff should have the same light-duty work restrictions that he placed upon him on January 22, 2007. These restrictions were: no lifting greater than 20 pounds, no twisting, no continuous standing, no continuous sitting, no forceful pushing/pulling, and occasional bending/stooping. In addition, Dr. Welshofer reiterated his recommendation that Plaintiff should undergo a CT myelogram and a neurosurgical consultation in order to determine whether he needed to pursue a fusion surgery at the L4-L5 level of the spine. *Page 6 
9. Prior to the hearing before the Deputy Commissioner, Plaintiff requested the CT myelogram and the neurosurgical consultation previously recommended by Dr. Welshofer. Defendants complied with this request and Plaintiff underwent the CT myelogram on or about October 10, 2007. On October 31, 2007, approximately one (1) week after the hearing before the Deputy Commissioner, Plaintiff presented to Dr. Vinay Deshmukh, a neurosurgeon. Dr. Deshmukh indicated that Plaintiff had "severe degeneration of the disc at L4-5 with a herniated component and a pars defect that is causing back and leg pain." Dr. Deshmukh recommended that Plaintiff undergo an inter-body fusion surgery at the L4-L5 level of the spine.
10. The parties took the deposition of Dr. Welshofer on December 4, 2007.
11. On February 20, 2008, Defendants withdrew their Form 33 claim and authorized Plaintiff to undergo the inter-body fusion surgery at the L4-L5 level of the spine.
12. Defendants' issues identified for the hearing before the Deputy Commissioner in the Pre-trial Agreement included whether Plaintiff reached maximum medical improvement and whether Defendants established grounds for a credit for payment of temporary total disability compensation after the date Plaintiff reached maximum medical improvement. Plaintiff's issues included whether Plaintiff reached maximum medical improvement, whether Defendants could force an election of remedies by filing a Form 33, and whether Plaintiff established grounds for an award of attorney's fees under N.C. Gen. Stat. § 97-88.1.
13. Plaintiff is seeking attorney's fees under N.C. Gen. Stat. § 97-88.1 for Defendants' prosecution of their Form 33 claim after the medical evidence clearly established that Plaintiff's compensable condition worsened to the point where he needed an inter-body fusion surgery at the L4-L5 level of the spine and Defendants had notice that the need for surgery was related to his compensable injury. Defendants withdrew their Form 33 claim after the hearing before the *Page 7 
Deputy Commissioner but shortly before the Deputy Commissioner issued an Opinion and Award.
14. The evidence establishes and the Full Commission finds as fact that Defendants continued to pursue their claim after Dr. Deshmukh recommended an inter-body fusion surgery at the L4-L5 level of the spine on October 31, 2007. Further, Defendants continued to pursue their claim after the December 4, 2007 deposition of Dr. Welshofer, where he opined that Plaintiff's back condition never fully healed from the initial protrusion at the L4-L5 level of the spine, that it worsened over time to the point where the disc ruptured, and that Plaintiff's need for an inter-body fusion surgery at the L4-L5 level of the spine was a continuation of his original February 17, 2005 work injury. Defendants produced no evidence to refute the opinions of Dr. Deshmukh and Dr. Welshofer. The medical evaluation report of Dr. Deshmukh and the deposition testimony of Dr. Welshofer on December 4, 2007 clearly established the medical necessity for an inter-body fusion surgery at the L4-L5 level of the spine for Plaintiff and the existence of a causal relationship between the need for the fusion surgery and the admittedly compensable February 17, 2005 work injury. Defendants' continuing prosecution of their Form 33 claim for more than two (2) months after the December 4, 2007 deposition testimony of Dr. Welshofer constituted stubborn, unfounded litigiousness. An award of attorney's fees to Plaintiff's counsel under N.C. Gen. Stat. § 97-88.1
for attorney time expended in defending Plaintiff's claim from December 5, 2007 through February 20, 2008 is justified.
15. Plaintiff's counsel has submitted an Affidavit showing she has experience and expertise in the practice of Workers' Compensation law and that she expended 11.25 hours on defending plaintiff's claim during the period between December 5, 2007 and the date Defendants *Page 8 
withdrew their hearing request before the Deputy Commissioner. The statement of hours expended is reasonable.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. After the medical evaluation of Dr. Vinay Deshmukh and the deposition testimony of Dr. John Arthur Welshofer, the medical necessity for an inter-body fusion surgery at the L4-L5 level of the spine for Plaintiff and the causal relationship between the need for the fusion surgery and the admittedly compensable February 17, 2005 work injury became clearly established. Nevertheless, Defendants did not withdraw their Form 33 claim until February 20, 2008. Defendants' decision to proceed with the prosecution of their Form 33 claim after December 5, 2007 constituted stubborn, unfounded litigiousness, justifying an award of attorney's fees. N.C. Gen. Stat. § 97-88.1 (2007).
2. Plaintiff has established sufficient grounds for an award of attorney's fees to Plaintiff's counsel under N.C. Gen. Stat. § 97-88.1
for 11.25 hours expended in defending Defendants' claim before the Deputy Commissioner during the period from December 5, 2007 when Defendants clearly had notice that further prosecution of their claim was unreasonable and February 20, 2008 when Defendants withdrew their Form 33 claim. N.C. Gen. Stat. § 97-88.1 (2007).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following: *Page 9 
 AWARD
1. Plaintiff's counsel is hereby awarded attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 in the amount of $1, 968.75.
2. Defendants shall pay the costs of these proceedings.
3. The Affidavit from Plaintiff's attorney in support of the motion for attorney's fees is admitted into evidence and added to the end of the transcript.
This the ___ day of February 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ PAMELA T. YOUNG CHAIR
S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1